SABRAW, District Judge,
concurring in part and dissenting in part:
I agree that the two findings adopted and relied upon by the BIA to support the IJ’s adverse credibility determination are not supported by substantial evidence, and thus, the case should be remanded. I respectfully disagree, however, that Wang’s testimony should be “deemed credible” on remand, a restrictive measure that should be employed sparingly and not under the circumstances here. See INS v. Ventura, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (when reversing the BIA, “the proper course, except in rare circumstances, is to remand to the agency *544 for additional investigation or explanation”).
Indeed, “no other circuit has adopted this ‘deemed credible’ rule.” Soto-Olarte v. Holder, 555 F.3d 1089, 1093 (9th Cir.2009). See, e.g., Castaneda-Castillo v. Gonzales, 488 F.3d 17, 24-25 (1st Cir.2007) (en banc) (“The suggestion may be made ... that remand gives the agency a second bite at the apple. The short answer is that, outside criminal prosecutions governed by double jeopardy principles, second bites are routine in litigation. If the agency decision is flawed by mistaken legal premises, unsustainable subsidiary findings, or doubtful reasoning, remanding to give the agency an opportunity to cure the error is the ordinary course.”); Li v. INS, 453 F.3d 129, 136 (2d Cir.2006) (similar); Elzour v. Ashcroft, 378 F.3d 1143, 1154 (10th Cir.2004) (similar). “[I]n any case in which there are doubts about whether there may be other grounds for rejecting credibility, we should not restrict the BIA or an IJ.” Soto-Olarte, 555 F.3d at 1095. I have such doubts, particularly where the IJ referenced other discrepancies in the testimony and counsel for the Attorney General did not have an opportunity to address those matters, or any other potential discrepancies in the record, either in its briefing or at oral argument.